IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Paul Walter Pocalyko,<br>          Plaintiff,<br><br>     v.<br><br>Baker Tilly Virchow Crouse, LLP,<br>          Defendant. | CIVIL ACTION<br><br><br>NO. 16-3637 |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION**

Baylson, J.                                                                                           November   29   , 2016

### I.     Introduction

This is a case brought by a Certified Public Accountant against his former employer for wrongful termination under the Age Discrimination in Employment Act and for breach of contract for failure to pay full compensation and benefits allegedly owed.  Defendant partnership seeks to dismiss the complaint and compel arbitration pursuant to the Federal Arbitration Act and the arbitration agreement in the Baker Tilly Partnership Agreement.  Plaintiff challenges the validity of the arbitration clause, and opposes the motion.  Under the Supreme Court's decision in <u>Rent-A-Center, West, Inc. v. Jackson</u>, 561 U.S. 63 (2010), and the Third Circuit's recent decision in <u>South Jersey Sanitation Co. v. Applied Underwriters Captive Risk Assurance Co.</u>, ___ F.3d. ___; No. 14-4010, 2016 WL 6211881 (3d Cir. Oct. 25, 2016), Defendant's Motion is granted.

### II.     Factual and Procedural Background

Plaintiff Paul Pocalyko became a "Preferred Equity Holder" at Defendant Baker Tilly Virchow Crouse LLP ("Baker Tilly" or "Defendant") pursuant to a merger between Baker Tilly and Pocalyko's former firm ParenteBoard LLP.  In connection with joining Baker Tilly,

Pocalyko signed a "Joinder and Transition Agreement" through which he agreed to be bound by the terms of the Fourth Amended and Restated Partnership Agreement of Baker Tilly ("Partnership Agreement"). The Partnership Agreement contains an arbitration provision. There is no dispute regarding the language of the Partnership Agreement.

Plaintiff filed a Complaint with this Court on July 1, 2016, alleging wrongful termination under the Age Discrimination in Employment Act and breach of contract. ECF 1. On August 29, 2016, Defendant filed a Motion to Dismiss and Compel Arbitration (ECF 4), and Plaintiff responded to the motion on September 12, 2016 (ECF 7, 8). Defendant replied on September 19, 2016 (ECF 11), and Plaintiff filed a Sur-Reply on September 26, 2016 (ECF 12), which this Court accepted and has considered in rendering its decision. Defendant's Motion to Dismiss and Compel Arbitration is ripe and before the Court.

### III. Discussion

#### a. Summary of Parties' Arguments

Defendant argues that the language of the arbitration clause in the Partnership Agreement delegates the "gateway" question of arbitrability of disputes to the arbitrator. ECF 4, Exh. 5 at pp. 4-7. Plaintiff agrees that under the agreement, the arbitrator should decide whether the dispute is arbitrable. ECF 8 at p. 5. However, Plaintiff argues that the agreement to arbitrate is procedurally and substantively unconscionable, and as a result this Court should decide whether the arbitration clause is enforceable before compelling arbitration. Id. Specifically, Plaintiff argues (1) that the agreement is procedurally unconscionable because he did not have a choice but to join Baker Tilly as a result of the restrictive covenants he would have been subject to otherwise; and (2) the agreement is substantively unconscionable because it unlawfully restricts the relief that the arbitrator may grant. Id. at pp. 8, 13.

Defendant responds by citing the Supreme Court's decision in <u>Rent-a-Center</u>, arguing that the parties agreed to arbitrate gateway issues of arbitrability, and that Plaintiff's challenges to the validity of the contract as a whole should be decided by the arbitrator, and not this Court. ECF 11 at pp. 3-4.  Plaintiff distinguishes <u>Rent-a-Center</u>, arguing that its holding is contingent on a clear and broad "delegation" provision that is separate from the remainder of the agreement to arbitrate.  ECF 12, Exh. 1 at p. 2.  Plaintiff argues that because such a clear delegation provision is absent here, this Court should decide whether the arbitration agreement is unconscionable before compelling arbitration.  <u>Id.</u>

### b. Analysis

As summarized above, this Motion and responses thereto raise questions of arbitrability. Arbitrability of disputes is governed by the Federal Arbitration Act ("FAA"). <u>Quilloin v. Tenet HealthSystem Philadelphia, Inc.</u>, 673 F.3d 221, 228 (3d Cir. 2012); <u>see also</u> 9 U.S.C. §§ 2, 4. Congress enacted the FAA to counteract traditional judicial hostility toward arbitration agreements by codifying a liberal federal policy favoring their enforcement.  <u>Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.</u>, 460 U.S. 1, 24 (1983).  In essence, the FAA places arbitration agreements on equal footing with other contracts.  <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 444 (2006).  It follows, therefore, that like other contracts, a party may bring a challenge to an arbitration agreement based on the "generally applicable contract defenses, such as fraud, duress, or unconscionability." <u>AT&T Mobility LLC v. Concepcion</u>, 563 U.S. 333, 339 (2011).

#### 1. *Federal Decisional Law Applies*

The parties agree that Illinois law governs the interpretation of the Partnership Agreement, pursuant to the choice of law provision contained in the agreement.  <u>See</u> ECF 4, Exh. 5 at p. 5 & fn. 4; ECF 8 at p. 4.  However, the question before the Court, while intermingled with

3

questions of contract interpretation, is first and foremost a question under the Federal Arbitration Act. 9 U.S.C. §§ 1-307; see also Rent-a-Ctr., 561 U.S. at 70. Under clear Supreme Court precedent, federal decisional law applies to questions under the FAA. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404-05 (1967); see also Golden Gate Nat'l Senior Care, LLC v. Beavens, 123 F. Supp. 3d 619 (E.D. Pa. 2015). Therefore, on issues governed by the FAA this Court is bound by Supreme Court and Third Circuit precedent.

### 2. *Rent-a-Center*

In Rent-a-Center, Justice Scalia, writing for the majority, held that when a party challenges an agreement as a whole, rather than specifically challenging the delegation of authority to the arbitrator in particular, the enforceability and applicability of the arbitration clause is to be decided by the arbitrator. Rent-A-Ctr., 561 U.S. at 71. In so deciding, the Supreme Court relied on the severability of arbitration clauses from the remainder of the agreement. Id. at 70 (citing Buckeye, 546 U.S. at 445).

In particular, the Supreme Court held that a specific agreement to arbitrate gateway issues of arbitrability was severable from the broader agreement to arbitrate. Id. at 72. Therefore, the court should analyze the agreement to arbitrate gateway issues of arbitrability separately from the remainder of the contract by considering any challenges made specifically to that provision. If the court finds the agreement to be valid, it should compel arbitration. Said differently, challenges directed at the enforceability of the agreement as a whole (contrasted with challenges directed to the enforceability of the delegation of authority to the arbitrator) should be decided by the arbitrator.

### 3. *Relevant Third Circuit Decisions*

The Third Circuit has addressed Rent-a-Center in two precedential opinions.

In <u>Quilloin v. Tenet HealthSystem Philadelphia</u>, the Third Circuit distinguished the Rent-a-Center holding. 673 F.3d 221 (3d Cir. 2012). In <u>Quilloin</u>, defendant-appellant opposed plaintiff's challenge to the arbitration agreement by arguing that plaintiff did not challenge a specific provision of the contract, but rather the contract as a whole. <u>Id.</u> at 229. Defendant reasoned that such a challenge was insufficient under <u>Rent-a-Center</u>. <u>Id.</u> The Third Circuit disagreed; explaining that the Supreme Court's reasoning in Rent-a-Center was inapplicable. <u>Id.</u> at 229-30. In <u>Quilloin</u>, the Third Circuit clarified, unlike in Rent-a-Center, the parties did not agree to arbitrate the gateway issue of arbitrability. <u>Id.</u> at 230. Therefore, all issues of contractual validity and arbitrability were for the court to decide. <u>Id.</u>

Last month, the Third Circuit issued a decision in <u>South Jersey Sanitation Co. v. Applied Underwriters Captive Risk Assurance Co.</u>, ___ F.3d. ___; No. 14-4010, 2016 WL 6211881 (3d Cir. Oct. 25, 2016) which addressed <u>Rent-a-Center</u>. There, plaintiff brought breach of contract claims under a Reinsurance Participation Agreement, which included an agreement to arbitrate that delegated gateway issues of arbitrability to the arbitrator. <u>Id.</u> at *1. To avoid arbitration, plaintiff-appellee brought what it characterized as challenges to the agreement to arbitrate specifically, and argued that the court was required to rule on those challenges before compelling arbitration. <u>Id.</u> at *4. Applying <u>Rent-a-Center</u>, the Third Circuit disagreed, holding that the plaintiff's purported challenges to the arbitration agreement were really challenges to the contract as a whole. <u>Id.</u> at *5 ("South Jersey alleges no arbitration provision-specific fraud, but rather challenges the arbitration provision only as part of its general challenge of the contract.") Therefore, the Third Circuit enforced the agreement to arbitrate and held that the arbitrator was to decide gateway issues of arbitrability as provided for by the agreement. <u>Id.</u> at *7.

5

*4.     Application to Instant Motion*

The question presented is whether, under Rent-a-Center, this Court should decide the gateway issue of arbitrability before compelling arbitration, given that Plaintiff argues that the arbitration agreement is procedurally and substantively unconscionable.

Under Article 21(a) of the Partnership Agreement, the parties agreed as follows:

> ". . . any and all disputes which cannot be settled consensually, including any ancillary claims of any Partner/Principal, arising out of or in connection with this Agreement (including the validity, scope, applicability, and enforceability of this arbitration provision) shall be finally settled by arbitration, conducted by a sole arbitrator."

Both parties agree in their briefing that this provision delegates issues of arbitrability to the arbitrator. ECF 4, Exh. 5 at pp. 4-7; ECF 8 at p. 5. As a result, under Rent-a-Center, Article 21(a) to the Partnership agreement is severable from the rest of the agreement. Where a party challenges an otherwise controlling arbitration provision, courts decide the merits of that challenge. If the challenge relates to the contract generally, the arbitrator decides the matter. Therefore, this Court may only consider validity challenges that relate to Article 21(a) of the Partnership Agreement in particular. If valid, this Court must enforce the parties' agreement to arbitrate gateway issues of arbitrability and compel arbitration.

Plaintiff advances two challenges: (1) the arbitration agreement is procedurally unconscionable because he did not have a choice but to join Baker Tilly as a result of the restrictive covenants he would have been subject to if he did not join; and (2) the arbitration agreement is substantively unconscionable because it unlawfully restricts the relief that the arbitrator may grant. Neither of these challenges relate specifically to Article 21(a).

Plaintiff's first challenge is based on alleged coercion to enter into the Partnership Agreement. Plaintiff does not specifically argue coercion or fraud related to the arbitration

6

agreement, but rather he challenges the arbitration provision only as part of his general challenge to the Agreement. As noted by the Third Circuit, if the parties delegate questions of arbitrability to an arbitrator, challenges to the validity of a contract as a whole should be decided by the arbitrator. See South Jersey Sanitation, 2016 WL 6211881 at *4. Though Plaintiff asserts that his challenge relates specifically to the arbitration clause, as discussed above, the substance of his argument indicates otherwise. As a result, the arbitrator, rather than this Court, should decide the merits of Plaintiff's first challenge. See id. (deciding whether party's claim related specifically to the agreement to arbitrate by looking at the substance of the argument rather than the party's characterization of the argument).

Plaintiff's second challenge relates directly to Article 21(d), which limits the remedies available to the parties at arbitration. This challenge gets closer to targeting the agreement to arbitrate. However, as the Supreme Court instructed in Rent-a-Center, it is important to distinguish between an agreement relating to arbitration, and a specific agreement to arbitrate issues of arbitrability. Here, Plaintiff's challenge relates to the agreement governing the conduct of arbitration itself, rather than the agreement to arbitrate issues of arbitrability. Under Rent-a-Center, these provisions are severable. Because Plaintiff's second challenge does not relate to the agreement to arbitrate issues of arbitrability, this Court will not consider the merits of Plaintiff's second challenge.

In Plaintiff's sur-reply, he attempts to distinguish Rent-a-Center and urges this Court to decline to follow the Supreme Court's reasoning in that case. Plaintiff argues that Rent-a-Center is contingent on the presence of a clear and unmistakable "delegation provision" which delegated issues of arbitrability to the arbitrator. This Court does not read Rent-a-Center that way. Also, Plaintiff does not allege or argue in his opening brief that the delegation of authority to the

arbitrator to decide issues of arbitrability as contained in the Partnership Agreement was not sufficiently clear.  As discussed above, under Quilloin, that may be a successful way to distinguish Rent-a-Center in the Third Circuit.  Instead, Plaintiff *agrees* that the arbitration agreement provides that the arbitrator should decide gateway issues of arbitrability, but attempts to invalidate the arbitration agreement on other grounds.

The animating principle of both Rent-a-Center and South Jersey Sanitation is that unless a party is specifically challenging the unconscionability of the provision allowing the arbitrator to decide gateway issues of arbitrability, then all gateway issues should be decided by the arbitrator.  That is, delegation of authority will be enforced, as long as the validity of the delegation itself is not being challenged.  Under Rent-a-Center and South Jersey Sanitation, arbitration must be compelled in this case.

### IV.  Conclusion

Defendant's Motion is granted.  An appropriate order follows.

O:\CIVIL 16\16-3637 Pocalyko v. Baker Tilly\Memo re Motion to Dismiss and Compel Arb.docx